UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JASON GATERS a/k/a JASON JERELL SMITH, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 19-2182-JDT-cgc |
| AMY WEIRICH, | ) ) ) | |
| Defendant. | ) | |

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On March 20, 2019, Plaintiff Jason Gaters a/k/a Jason Jerell Smith, an inmate at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Gaters sues Amy Weirich, the District Attorney General for the Thirtieth Judicial District of Tennessee.

Under the Prison Litigation Reform Act, §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at

the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed at least three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[1] Therefore, he may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v.*

---

[1] *Smith v. Helder*, No. 5:18-CV-05171-TLB-ELW (W.D. Ark. Sept. 26, 2018) (dismissed for failure to state a claim); *Smith v. Moeller, et al.*, No. 4:16-cv-00082-JHM (W.D. Ky. Oct. 12, 2016) (dismissed as frivolous); and *Smith v. Chandler*, No. 3:12-cv-00043-CRS, 2012 WL 4794451 (W.D. Ky. Oct. 9, 2012) (dismissed for failure to state a claim).

2

*Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

In this case, Plaintiff alleges that he is falsely imprisoned due to the fact that Defendant Weirich caused him to be indicted for rape of a child even though the statute of limitations for the offense has expired. (ECF No. 1 at 2-3.) He seeks release a public apology and monetary compensation. (*Id.* at 3.)

Plaintiff's claim concerning the criminal charge brought against him fails to allege that he is in imminent danger of serious physical harm. Therefore, the complaint in this case does not come within the exception to 28 U.S.C. § 1915(g), and the Court cannot address its merits unless Plaintiff first tenders the civil filing fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is DENIED pursuant to § 1915(g). This action is DISMISSED without prejudice. Plaintiff may, within twenty-eight (28) days after the entry of judgment, re-open the case by filing a motion to re-open accompanied by full payment of the $400 civil filing fee.

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Plaintiff in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE